**Nadia H. Dahab,** OSB No. 125630
Email: ndahab@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Thomas J. McKenna** (to be admitted *pro hac vice*)
Email: tjmckenna@gme-law.com
**Gregory M. Egleston** (to be admitted *pro hac vice*)
Email: gegleston@gme-law.com
GAINEY McKENNA & EGLESTON
440 Park Avenue South
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0380

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MELVYN KLEIN, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRO SCIENTIFIC INDUSTRIES, INC.; MICHAEL D. BURGER; LAURENCE E. CRAMER; RAYMOND A. LINK; FREDERICK A. BALL; RICHARD H. WILLS; and LYNNE J. CAMP,<br><br>Defendants. | Case No. 3:18-cv-02099<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Melvyn Klein ("Plaintiff"), on behalf of himself, by his undersigned attorneys, for his complaint against Defendants (defined below), alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 1 -     **CLASS ACTION ALLEGATION COMPLAINT**

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and the other public holders of the common stock of Electro Scientific Industries, Inc. ("ESI") against ESI and its board of directors (the "Board") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed merger (the "Proposed Merger") of ESI and MKS Instruments, Inc. ("MKS").

2. On October 29, 2018, the Board caused the Company to enter into an agreement and plan of merger ("Merger Agreement"), pursuant to which ESI shareholders will receive $30.00 in cash for each share of ESI common stock they hold.

3. On November 19, 2018, the Board filed with the Securities and Exchange Commission ("SEC") a misleading Proxy Statement (the "Proxy").

4. Defendants (defined below) failed to disclose material information that is necessary for shareholders to properly assess the fairness of the Proposed Merger.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

6. Personal jurisdiction exists over each Defendant either because each Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over each Defendant by this Court permissible under traditional notions of fair play and substantial justice.

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 2 -    CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because, among other things: (i) the conduct at issue had an effect in this District; (ii) ESI is incorporated in this District; (iii) each of the Individual Defendants (defined below) either resides in this District or has extensive contacts within this District; (iv) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; and (v) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. *Plaintiff Melvyn Klein* is, and at all relevant times has been an ESI stockholder.

9. *Defendant ESI* maintains its principal executive offices at 13900 N.W. Science Park Drive, Portland, Oregon.

10. *Defendant Michael D. Burger* is the President, Chief Executive Office ("CEO") and a director of ESI.

11. *Defendant Laurence E. Cramer* is director of ESI.

12. *Defendant Raymond A. Link* is a director of ESI.

13. *Defendant Frederick A. Ball* is a director of ESI.

14. *Defendant Richard H. Wills* is the Chairman of the Board of ESI.

15. *Defendant Lynne J. Camp* is a director of ESI.

16. Defendants listed in paragraphs 10-15 are herein referred to as the "Individual Defendants."

17. ESI and the Individual Defendants are herein referred to as "Defendants."

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 3 -    CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the other public shareholders of ESI (the "Class").  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19.     This action is properly maintainable as a class action because:

(a)     The Class is so numerous that joinder of all members is impracticable.  As of November 16, 2018, there were approximately 34,309,352 shares of ESI common stock outstanding, held by hundreds to thousands of individuals and entities throughout the country.  The actual number of public shareholders of ESI will be ascertained through discovery;

(b)     There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual members, including the following:

(i)     whether Defendants disclosed material information that includes non-generally accepted accounting principles ("GAAP") financial measures without a presentation and reconciliation of those measure to their most directly comparable GAAP equivalent in violation of Section 14(a) of the Exchange Act;

(ii)    whether the omission of the GAAP financial measures violates Section 14(a) of the Exchange Act;

(iii)   whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 4 -     **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

(iv) whether Plaintiff and other members of the Class will suffer irreparable harm if compelled to vote their shares regarding the Proposed Merger based on the misleading statements in the Proxy.

(c) Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class;

(d) Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class;

(e) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class;

(f) Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole; and

(g) A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FACTS

20. On October 30, 2018, the ESI and MKS announced the Proposed Merger, which stated in pertinent part:

ANDOVER, Mass., Oct. 30, 2018 (GLOBE NEWSWIRE) -- MKS Instruments, Inc. (NASDAQ: MKSI) ("MKS"), a global provider of technologies that enable advanced processes and improve productivity, and Electro Scientific Industries, Inc. (NASDAQ:ESIO) ("ESI"), an innovator in laser-based manufacturing solutions for the micro-machining industry, today announced that they have entered

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 5 -    **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

into an agreement for MKS to acquire ESI for $30.00 per share. The all-cash transaction is valued at approximately $1 billion.

The combined company is expected to have approximately $2.2 billion in pro forma annual revenue, based on the two companies' calendar 2017 historical results. The transaction is expected to be accretive to MKS' Non-GAAP net earnings and free cash flow during the first 12 months post-closing. The combined company expects to realize $15 million in annualized cost synergies within 18 to 36 months.

"We believe the ESI acquisition will help us deliver on one of our long-term strategic objectives, which is to broaden our base as a technical solutions provider to additional customers and markets." said MKS CEO Gerald Colella.

"We anticipate that the addition of ESI will strengthen our expertise in the photonics and optics markets, enabling us to develop systems that provide rich and robust solutions to meet the challenges of evolving technology needs. We expect to further progress our philosophy of "Solve Together. Succeed Together" by bringing the best technologies and high quality, reliable solutions in partnership with our customers, as we have demonstrated with the Newport acquisition."

MKS anticipates the acquisition will further advance the MKS strategy to enhance our Surround the WorkpieceSM offerings by adding extraordinary systems expertise and deep technical understanding of laser materials processing interactions. ESI's leadership in Printed Circuit Board processing systems and other capabilities will provide MKS the opportunity to accelerate the roadmaps and performance of our laser, motion, and photonics portfolio. In addition, ESI brings a new platform of industrial markets enabling MKS to leverage its expertise more broadly.

"We believe this combination will provide significant value for ESI's customers, as well as create exciting opportunities for our employees," said Michael Burger, President and Chief Executive Officer of ESI. "Over the years, MKS' solutions have helped us improve our offerings for the Printed Circuit Board processing market. I anticipate that the continued close collaboration and expertise of these two outstanding companies will create even better and more valuable solutions for our customers."

MKS intends to fund the transaction with a combination of available cash on hand and up to $650 million in committed term loan debt financing. On a pro forma basis, as if the transaction closed on June 30, 2018, we expect the combined company to have a strong balance sheet with combined pro forma net cash and investments of approximately $400 million and total term loan debt outstanding of $1 billion. This would result in pro forma trailing twelve-month leverage, defined as debt to Adjusted EBITDA of 1.3 times and pro forma net leverage of 0.8 times. Actual leverage ratios will depend upon a number of factors and shall be determined at the time of the closing. The company has also obtained a commitment to upsize its asset based revolving credit facility to $100 million.

{SSBLS Main Documents/9093/001/00752328-1 }

PAGE 6 -    CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

The transaction has been unanimously approved by the MKS and ESI boards of directors and is subject to customary closing conditions, including regulatory approvals and approval by ESI's shareholders, and is expected to close in the first quarter of 2019.

## THE MISLEADING PROXY

21. On November 19, 2018, ESI's Proxy was filed with the SEC in connection with the Proposed Merger. The Proxy omitted material information that is necessary for ESI's shareholders to make an informed decision regarding whether to vote in favor of the Proposed Merger.

### ESI's Financial Projections Are Misleading

22. The Proxy states that three (3) sets of financial forecasts were created:

- Base Forecasts;
- Upside Forecasts; and
- Downside Forecasts.

*See* Proxy at page 47 (all three forecasts are collectively referred to as the and collectively as the "Management Forecasts").

*23.* Stifel, Nicolaus & Company, Incorporated ("Stifel") used only certain forecasted non-GAAP financial measures from the Base Forecast. *Id.*

24. The Proxy incorrectly states that the Base Forecasts are included in the Proxy because they were made available to Stifel and MKS. *Id.* That is not accurate as the Proxy discloses that the Board relied on the Management Forecasts, separate and apart from Stifel's use of any financial forecasts, to recommend the Proposed Merger, which are comprised of the Base Forecasts, the Downside Forecasts and the Upside Forecasts. *Id.* at 39.

25. Further, the "Base Forecast Revenue" figure for FY 2021 is identified as $506.6 million, but it also disclosed that management projected FY 2021 Revenue at $516, $507 and $500

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 7 -     CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

million based on the same underlying assumptions but with differences based on forecasted percentages of market share, forecasted revenue on a product-by-product base or "mere rounding." *Id.* at pp. 48-49 & n.2. The Proxy does not disclose the forecasted percentages of market share, forecasted revenue on a product-by-product base or "mere rounding" that underly the four different forecasted FY 2022 Revenue.

26. In addition, for the three forecast scenarios that make up the Management Forecasts, the Proxy provides forecasted values for non-GAAP Gross Profit, non-GAAP Operating Income, EBITDA, non-GAAP Net Income and Unlevered Free Cash Flows. ("UFCF") (*id.* at p. 48). However, the Proxy does not provide the line items used in their respective calculation or a reconciliation of these non-GAAP measures to their respective most comparable GAAP measures.

27. In short, the Proxy's disclosure of these non-GAAP financial forecast provides an incomplete understanding of ESI's future financial prospects and the inputs and assumptions for which those prospects are based upon.

## FIRST CLAIM FOR RELIEF

### (AGAINST DEFENDANTS FOR VIOLATIONS OF SECTION 14(A) OF THE EXCHANGE ACT AND RULE 14A-9 PROMULGATED THEREUNDER)

28. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

29. Defendants have issued the Proxy with the intention of soliciting stockholders support for the Proposed Merger. Each defendant reviewed and authorized the dissemination of the Proxy, which fails to provide critical information detailed above.

30. In so doing, Defendants made untrue statements of material fact and/or omitted material facts necessary to make the statements made not misleading. Each defendant, by virtue

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 8 -    CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

of their roles as officers and/or directors, were aware of the omitted material information but failed to disclose such information, in violation of Section 14(a). Defendants therefore had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

31.     The Proxy is materially misleading and omits material facts that are necessary to render it not misleading. Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Merger.

32.     Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading. Indeed, Defendants were required to be particularly attentive to the procedures followed in preparing the Proxy and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

33.     Defendants violated securities laws in preparing and reviewing the Proxy. The preparation of a registration statement by corporate insiders containing materially false or misleading statements or omitting a material fact violates securities laws. Defendants chose to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully as the Company's directors.

34.     The misrepresentations and omissions in the Proxy are material to Plaintiff and ESI's other shareholders, each of whom will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Merger.

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 9 -     **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

35. Plaintiff and ESI's other shareholders have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and ESI's other shareholders be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## SECOND CLAIM FOR RELIEF

### (AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATIONS OF SECTION 20(A) OF THE EXCHANGE ACT)

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. The Individual Defendants acted as controlling persons of ESI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ESI, and participation in and/or awareness of ESI's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

38. Each of the Individual Defendants was provided with, or had unlimited access to, copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 10 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

violations alleged herein and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in preparing this document.

40.     In addition, as set forth in the Proxy sets forth at length and described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

41.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

42.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

43.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and ESI's other shareholders be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(A)     declaring that the Proxy is materially false and/or misleading;

(B)     enjoining, preliminarily and permanently, the Proposed Merger until the Proxy is cured;

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 11 -     **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

(C) in the event that the transaction is consummated before the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

(D) directing that Defendants account to Plaintiff for all damages caused by them and account for all profits and any special benefits obtained as a result of their breaches of their fiduciary duties.

(E) awarding Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts; and

(F) granting Plaintiff such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 6th day of December, 2018.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Nadia H. Dahab
    **Nadia H. Dahab,** OSB No. 125630

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:     ndahab@stollberne.com

**Thomas J. McKenna** (to be admitted *pro hac vice*)
**Gregory M. Egleston** (to be admitted *pro hac vice*)
GAINEY McKENNA & EGLESTON
440 Park Avenue South
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0380
Email:     tjmckenna@gme-law.com
           gegleston@gme-law.com

{SSBLS Main Documents/9093/001/00752328-1 }
PAGE 12 - **CLASS ACTION ALLEGATION COMPLAINT**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840